UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA BURROWS,

    Plaintiff,                                                     Civil Action No. 15-CV-13618

vs.                                                                HON. BERNARD A. FRIEDMAN

PETER C. CUBBA and
KENNETH KAIBEL,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendants' motion to dismiss or for summary judgment [docket entry 55]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff, who owns a unit at the River Crossing Condominium complex in Southfield, Michigan, alleges that defendants[1] have violated her rights under the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") by failing to make reasonable accommodations for her mental disability. Plaintiff does not reveal the nature of her disability, but the accommodations she requests, and which defendants allegedly have denied, are that (1) "the parking spaces in front of her home [be] reserved for her home"; (2) "neighbors not be allowed to place their trash can in front of her home"; (3) "neighbors not be allowed to place their satellite dish on her roof"; (4)

---

[1] The defendants are Peter Cubba and Kenneth Kaibel. The complaint does not identify their roles in this dispute, but in their motion for summary judgment Cubba indicates that he "is the owner and manager of Brass Titan, LLC, the management company hired by the River Crossing Condominium Association to manage the property" and that Kaibel "is the acting President of the Condominium Association." Defs.' Mot. for Summ. J. at 8.

defendants "repair [plaintiff's] ceilings due to his [sic] eight-month delay in repairing the roof from the damages of a previous neighbor's satellite dish being placed on her roof"; and (5) "damage[d] greenery in front of Plaintiff's unit be replaced with greenery of her choice." Revised Compl. ¶ 12. For relief, plaintiff seeks a declaration that defendants have violated her rights under the FHA; damages, costs, and attorney fees; and an injunction "to end the harassment of Plaintiff by the neighbor at 21642 Hidden Rivers Dr." *Id.* ¶¶ 34-37.

Defendants seek summary judgment on a number of grounds. In particular, defendants argue that plaintiff has never informed them of the nature of her mental disability, that the requested accommodations are unreasonable, that plaintiff has not shown how the requested accommodations are required by her disability, and that the association has repaired plaintiff's roof and offered plaintiff one (instead of three) dedicated parking spaces. In response, plaintiff argues that she has provided defendants with documentation showing that she is receiving Social Security disability benefits because of a mental impairment, that she provided defendants with a doctor's letter concerning two of the requested accommodations,[2] and that the requested accommodations

---

[2] This January 13, 2015, letter, written on Easter Seals stationery by Robert Lawton, M.D., states:

> I have been treating Yolanda Burrows at Easter Seals since October 2012. I am prescribing reasonable accommodations for her disability in the form of reserving the three parking spaces directly in front of her unit and her roof repaired for her quiet enjoyment of her home.
>
> These accommodations are reasonable in that they will:
>
> - Not cause a hardship to the Association and co-owners;
> - Not infringe upon the neighbor's quiet enjoyment of their unit;
> - Aid in Yolanda Burrows' rehabilitation.

2

are reasonable and necessary.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence in the light most favorable to the opposing party, summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See id.* at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir. 1990). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Initially, the Court notes that the ADA has no application in this case. The ADA applies in the areas of employment (Subchapter I), public services (Subchapter II), and public accommodations (Subchapter III). *See* 42 U.S.C. §§ 12101, *et seq*. The Court is unaware of, and plaintiff has not identified, any provision of the ADA that applies in the circumstances at issue here, namely, where the owner of a condominium alleges that a condominium association, or those representing it, failed to accommodate the owner's disability. Accordingly, the Court shall dismiss

---

If there are any more questions, please contact me at 248-372-6800.
Thank you for your attention to this matter.

3

the complaint insofar as it claims that defendants violated the ADA.

Rather, the applicable statute is the FHA, which prohibits "discrimina[tion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap . . ." 42 U.S.C. § 3604(f)(2). Discrimination in this context includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Section 3604(f)(3)(B). "Accommodations required under the Act must be both reasonable and necessary to afford the handicapped individual an equal opportunity to use and enjoy a dwelling." *Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039, 1044 (6th Cir. 2001). Plaintiff bears the burden of demonstrating both reasonableness and necessity. *See id.* (*citing Smith & Lee Assocs., Inc. v. City of Taylor*, 102 F.3d 781, 796 n.11 (6th Cir. 1996)). "In addition to proving reasonableness and necessity, . . . plaintiff also must prove that she suffers from a disability, that she requested an accommodation or modification, that the defendant housing provider refused to make the accommodation . . . , and that the defendant knew or should have known of the disability at the time of the refusal." *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014). Further, "[i]n determining whether the reasonableness requirement has been met, a court may consider the accommodation's functional and administrative aspects, as well as its costs." *Groner*, 250 F.3d at 1044.

Specifically regarding the necessity and reasonableness elements, the Sixth Circuit has stated:

> Occasionally we have described a reasonable-accommodation claim as having a third operative element: whether the requested accommodation would afford the disabled resident an equal opportunity to enjoy the property. *See Smith & Lee Assocs.*, 102 F.3d

4

at 794–95. But that third element is subsumed within the necessity inquiry. "Equal opportunity" means that disabled individuals are entitled to live in the same residences and communities as non-disabled individuals, insofar as that can be accomplished through a reasonable accommodation or modification. *Id.* at 795. The statute then "links the term 'necessary' to the goal of equal opportunity." *Id.* Thus, an FHA reasonable-accommodation or reasonable-modification plaintiff must show that, but for the requested accommodation or modification, he "likely will be denied an equal opportunity to enjoy the housing of [his] choice." *Id.* (*citing Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995)). The necessity element is, in other words, a causation inquiry that examines whether the requested accommodation or modification would redress injuries that otherwise would prevent a disabled resident from receiving the same enjoyment from the property as a non-disabled person would receive. *See Wis. Cmty. Servs., Inc.*, 465 F.3d at 749.

But the crux of a reasonable-accommodation or reasonable-modification claim typically will be the question of reasonableness. To determine the reasonableness of the requested modification, the burden that the requested modification would impose on the defendant (and perhaps on persons or interests whom the defendant represents) must be weighed against the benefits that would accrue to the plaintiff. *See Groner*, 250 F.3d at 1044. This is a "highly fact-specific inquiry." *Oconomowoc Residential Programs, Inc. v. City of Milwaukee*, 300 F.3d 775, 784 (7th Cir. 2002). A modification should be deemed reasonable if it "imposes no 'fundamental alteration in the nature of a program' or 'undue financial and administrative burdens.'" *Groner*, 250 F.3d at 1044 (*quoting Smith & Lee Assocs.*, 102 F.3d at 795)*; see also Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 578 (2d Cir. 2003) ("A defendant must incur reasonable costs and take modest, affirmative steps to accommodate the handicapped as long as the accommodations sought do not pose an undue hardship or a substantial burden.").

*Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541–42 (6th Cir. 2014).

In the present case, plaintiff has not shown that the second, third, fourth, and fifth "accommodations" she allegedly requested, *see* Revised Compl. ¶ 12, are, in fact, accommodations within the meaning of the FHA. Rather, her requests that defendants repair her ceiling and replace damaged "greenery" are run-of-the-mill service and maintenance requests. These simply cannot be

5

construed as requested "accommodations in rules, policies, practices, or services [that] . . . may be necessary to afford [plaintiff] equal opportunity to use and enjoy [her] dwelling." Section 3604(f)(3)(B). Nor can her requests that defendants prevent her neighbors from placing their trash can in front of her unit or from installing satellite dishes on her roof be so characterized. Further, in a letter dated May 29, 2015, defendant Cubba informed plaintiff that "[t]he maintenance staff have been requested to relocate the trash container from the front of your condominium." Pl.'s Resp. Ex. 30. It appears that the issues regarding repairs to plaintiff's roof, and the installation/removal of satellite dishes, are moot as well. In a letter to Cubba dated June 6, 2015, plaintiff indicated that "I am sure the matter with my roof is resolved," Pl.'s Resp. Ex. 31, and she does not mention satellite dishes in her response to defendants' motion.

This leaves only plaintiff's first accommodation request, which is that "the parking spaces in front of her home [be] reserved for her home." Revised Compl. ¶ 12. Specifically, plaintiff has requested that defendants "designate three parking spaces in front of my home for me." Pl.'s Resp. Ex. [unnumbered] (plaintiff's complaint filed with the Michigan Department of Civil Rights in February 2015), Pg ID 319. In a letter dated October 13, 2014, to her condominium association, plaintiff indicated that "[w]hen strangers park and or store their vehicles in front of my home it causes me to feel unsafe and harassed." Defs.' Mot. for Summ. J. Ex. B. By letter dated November 18, 2004, Cubba stated that the association's board of directors had denied plaintiff's request for three parking spaces but that it would consider designating one handicapped parking space near plaintiff's condominium if she would provide additional documentation of her disability. *Id.* Ex. C. It is unclear whether plaintiff did so, but in May 2015 Cubba informed plaintiff that "[o]ne reserved handicapped parking sign has been ordered to be installed in front of your

6

condominium as approved by the Association Board of Directors." Pl.'s Resp. Ex. 30 at 1. Plaintiff rejected this offer because "your resolve in this matter will cause me psychological distress in that you plan to block my view with a handicapped sign that will not benefit me at all. . . . I suffer with a mental impairment that requires your attention and assistance by removing obstacles that prevents me from feeling safe and secure in my home." *Id.* Ex. 31. Plaintiff asserts that she "has suffered many days of strange people sitting in them of which were not her neighbors or their guest." Pl.'s Resp. Br. at 13.

Plaintiff has not shown that her request for three reserved parking spaces in front of her condominium is either necessary or reasonable to accommodate her mental disability. Certainly, a request for a reserved parking space can be both necessary and reasonable to accommodate residents who have difficulty walking. *See, e.g., Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 620 F.3d 62 (1st Cir. 2010) (enforcing an ALJ's decision requiring defendant to assign two handicapped parking spaces to residents with mobility problems). In the present case, however, plaintiff does not seek to use the three parking spaces in front of her condominium but to prevent others from using them because "[w]hen strangers park and or store their vehicles in front of my home it causes me to feel unsafe and harassed." Defs.' Mot. for Summ. J. Ex. B. The only evidence plaintiff has offered to show the necessity of this accommodation is Dr. Lawton's letter, which, as noted above, asserts that he "prescrib[ed] reasonable accommodations for her disability in the form of reserving the three parking spaces in front of her unit . . . for her quiet enjoyment of her home." Neither this letter, nor anything else plaintiff has presented to defendants or filed with this Court, explains the nature of her disability or the reason why reserving the three parking spaces in front of her unit is "necessary to afford [her] equal opportunity to use and enjoy [her] dwelling."

Section 3604(f)(3)(B). That is to say, plaintiff has not presented evidence from which a jury could find that assigning her these three parking spaces "would redress injuries that otherwise would prevent [her] from receiving the same enjoyment from the property as a non-disabled person would receive." *Hollis*, 760 F.3d at 541. It is plaintiff's burden to prove that a requested accommodation is necessary, and she has not met this burden.

By the same token, plaintiff has failed to show that reserving these three parking spaces is a reasonable accommodation. Defendants assert, and plaintiff does not deny, that the three parking spaces at issue are among the 150 non-reserved parking spaces at the condominium complex. In addition, each of the 97 condominium units is assigned one parking space in a carport. *See* Defs.' Mot. for Summ. J. at 7-8 & Exs. A, B. The non-reserved parking spaces are, under the terms of the River Crossing Condominium's master deed, among the common elements in which all owners have an undivided interest. Reserving three of the non-reserved spaces for plaintiff could not be done without amending the master deed and diminishing the rights of all other owners. This diminishment of the co-owners' rights cannot reasonably be justified by plaintiff's unexplained and unsupported "need" for the three parking spaces directly in front of her unit. In other words, the requested accommodation is unreasonable because plaintiff's unproven need is entirely outweighed by the burden others would suffer if the accommodation were granted. As with necessity, it is plaintiff's burden to prove that a requested accommodation is reasonable, and she has not met this burden.

For these reasons, the Court concludes that defendants are entitled to summary judgment because plaintiff has failed to show that defendants have violated her rights under the ADA or the FHA. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 27, 2017
Detroit, Michigan